**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4734-15T2

STATE OF NEW JERSEY,

      Plaintiff-Appellant,

v.

NICHOLAS D. SOKOLOVSKI,

      Defendant-Respondent.

_____

Argued March 16, 2017 — Decided September 19, 2017

Before Judges Espinosa, Suter, and Guadagno.

On appeal from the Superior Court of New
Jersey, Law Division, Monmouth County,
Docket No. 2016-163.

Monica do Outeiro argued the cause for
appellant (Christopher J. Gramiccioni,
Monmouth County Prosecutor, attorney; Ms. do
Outeiro, Assistant Prosecutor, of counsel
and on the brief).

Raymond A. Raya argued the cause for
respondent.

PER CURIAM

    By our leave granted, the Monmouth County Prosecutor's

Office (MCPO) appeals from the April 15, 2016 order entered by

Assignment Judge Lisa P. Thornton, granting the motion of defendant Nicholas D. Sokolovski to consolidate complaints pending in two municipal courts.

Defendant was arrested in Freehold Township on July 13, 2015, and charged with disorderly persons offenses involving possession of marijuana and drug paraphernalia. Fifteen days later, defendant was arrested in Howell Township and again charged with marijuana related offenses.[1]

Defendant moved pursuant to Rule 7:8-4 to consolidate the two municipal matters in order to apply for a conditional discharge, N.J.S.A. 2C:36A-1, which would not be available if the two cases were prosecuted separately. Defendant's motion was unopposed by both municipal prosecutors, but MCPO objected, arguing the Rule did not permit consolidation of unrelated charges pending in different municipalities.

After hearing oral argument, Judge Thornton granted defendant's motion and ordered both matters consolidated and heard in Howell municipal court. The judge conditioned the consolidation on resolution of the matters by guilty pleas

---

[1] Although the initial summons included a third-degree distribution charge and a fourth-degree charge alleging possession of more than fifty grams, both were downgraded to disorderly persons offenses after review by MCPO.

within forty-five days, or they would be returned to the respective municipalities for trial.

On appeal, MCPO presents one argument:

> THE LOWER COURT ERRED IN GOING BEYOND THE PLAIN LANGUAGE OF THE RULE AND GRANTING CONSOLIDATION OF DEFENDANT'S MUNICIPAL COURT CASES FOR SENTENCING PURPOSES.

Rule 7:8-4 addresses consolidation of municipal court matters:

> The court may order two or more complaints to be tried together if the offenses arose out of the same facts and circumstances, regardless of the number of defendants. In all other matters, the court may consolidate complaints for trial with the consent of the persons charged. Complaints originating in two or more municipalities may be consolidated for trial only with the approval of the appropriate Assignment Judge, who shall designate the municipal court in which trial is to proceed. A party seeking consolidation of complaints originating in different municipalities shall file a written motion for that relief directly with the Assignment Judge.

MCPO argues the Rule permits consolidation only if the charges arise from "the same facts and circumstances" or if the consolidation is sought "for trial."

Recently, we rejected a similar challenge to consolidation by MCPO in State v. Whooley, No. A-3395-15 (App. Div. Aug. 8, 2017). In Whooley, we observed:

A-4734-15T2

While the first sentence of Rule 7:8-4 appears to limit consolidation to matters arising "out of the same facts and circumstances," when read in conjunction with the next sentence, it is apparent that the restriction is limited to instances where the persons charged do not consent to consolidation. The second sentence refers to "all other matters" and suggests that complaints may be consolidated "with the consent of the persons charged." R. 7:8-4. When read in context, the Rule allows for consolidation of municipal complaints when the offenses do not arise from the same facts and circumstances, as long as the defendant consents. Because defendant not only consented but sought consolidation here, we reject MCPO's argument that consolidation is precluded because the two matters did not arise out of the same facts and circumstances.

For the reasons stated in Whooley, we reject MCPO's argument that Judge Thornton erred in ordering consolidation here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4                                                          A-4734-15T2